867 So.2d 1238 (2004)
T.J., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1927.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
*1239 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
T.J., a minor, appeals the withheld adjudication of delinquency for disrupting an educational institution. We affirm.
On the day of the incident, T.J. was placed out of his classroom for being disruptive and reported to Leon Rogers. Rogers was a learning community assistant who assists disruptive students by attempting to return them to class once they have been removed. Rogers testified that T.J. continued to be disruptive when T.J. reported to him: "he never calmed down; he kept cursing, rapping, and being irate for at least 20 minutes." After spending about 20 minutes trying to calm T.J., Rogers called security because he felt he was unable to control T.J. by himself. The security officer attempted to calm T.J., but T.J. would not comply, and ultimately, T.J. was arrested.
T.J. contends that there was insufficient evidence that he interfered or disrupted a normal school function. Section 877.13, Florida Statutes, provides:
(1) It is unlawful for any person:
(a) knowingly to disrupt or interfere with the lawful administration or functions of any educational institution, school board, or activity on school board property in this state.
"The statute seeks to prohibit acts which are `specifically and intentionally designed to stop or temporarily impede the progress of any normal school function or activity occurring on the school's property.'" T.H. v. State, 797 So.2d 1291 (Fla. 4th DCA 2001) (quoting M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA 1997)).
Here, T.J. was removed from his classroom for being disruptive and continued that behavior before the person assigned to assist him. Rogers testified that he tried to calm T.J. by calling his name, explaining that his behavior was not appropriate, and asking him to take a seat. T.J. interrupted anyone who came to the common area where Rogers was located, and Rogers *1240 was unable to assist two other students who were placed out of class. When the security officer explained what would happen if he did not calm down, T.J. said that he did not care and did not want to be in that school anyway. This behavior constitutes the disruption of an educational institution. Compare M.C. v. State, 695 So.2d 477 (Fla. 3d DCA 1997) (holding that appellant's conduct amounted to prohibited conduct under section 877.13 where secretaries and aides in the office were temporarily unable to perform their clerical duties, the school police officer was drawn away from completing an arrest of appellant's brother, and students who joined in protest were distracted from their classes or other school activities).
Next, T.J. argues that he did not disrupt any normal school function because Rogers's job description included addressing behavioral problems of disruptive students. Assuming this argument is preserved for review, we disagree. Although Rogers assists students with behavioral problems, Rogers explained that "processing" a student meant that after a student is removed from a classroom, he would speak with the student in the common area, attempt to find out why the teacher placed the student out of the class, and assist in returning the student to the class. Instead of taking advantage of the second chance offered him and allowing Rogers to help him return to the classroom, T.J. continued his disruptive behavior by preventing Rogers from "processing" him and by preventing Rogers from assisting the two other students who were placed out of class.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.